Filed: 2/27/2017 2:21:37 PM
Lynne Finley
District Clerk
Collin County, Texas
By Erika Ruiz Deputy
Envelope ID: 15548840

Cause No. __199-00937-2017__

| | | |
|---|---|---|
| LAKE LAVON STORAGE, LLC, | § § § | IN THE DISTRICT COURT |
| plaintiff, | § § | |
| v. | § § | |
| ILLINOIS UNION INSURANCE COMPANY, | § § § § | _____ JUDICIAL DISTRICT |
| defendant. | § § § | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Lake Lavon Storage, LLC ("**Plaintiff**") and files this its Original Petition complaining of Illinois Union Insurance Company ("**Defendant**") and for cause of action would respectfully show the court the following:

### I.
### DISCOVERY CONTROL PLAN

1.01   Plaintiff intends that discovery in this matter be conducted under Level Two, pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

2.01  Plaintiff is a Domestic Limited Liability Company, authorized to and doing business in the State of Texas.

2.02  Defendant Illinois Union Insurance Company is a foreign insurance company with its last known home office at 525 West Monroe Street, Suite 400, Chicago, Illinois, 60661, and its last known mailing address at P.O. Box 1000, Philadelphia, Pennsylvania, 19106.  Despite doing business in Texas, Illinois Union Insurance Company fails to maintain a registered attorney for service of process in Texas.  Therefore, Defendant can be served with citation by making service upon the Texas Secretary of State.

## III.
## JURISDICTION AND VENUE

3.01  This Honorable Court has subject matter jurisdiction over this claim as Plaintiff seeks monetary damages within the jurisdictional limits of the Court.  Plaintiff seeks only monetary relief over $200,000 but not more than $1,000,000.  Defendant is a non-resident who has engaged in business in the State of Texas.  Defendant does not maintain a regular place of business in Texas.  Defendant does not have a registered agent for service of process in Texas. This lawsuit arises from the non-resident Defendant's business in Texas. As such, Defendant is subject to

jurisdiction under the Texas Long-Arm Statute and service may be made upon it by serving the Texas Secretary of State.

3.02 Venue is proper in Collin County, Texas, pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE section 15.002, as Collin County is the county in which a substantial part of the events and omissions giving rise to this claim occurred.

## IV.
## FACTS

4.01 Plaintiff is the owner of a commercial self-storage facility located at or near 10945 State Highway 78, Lavon, Texas 75166 ("the Facility").

4.02 Plaintiff contracted with Defendant Illinois Union Insurance Company to provide property insurance on the Facility. Defendant issued policy number SVRD37727337 for the period of May 10, 2015 to May 10, 2016 ("Policy").

4.03 On or about April 11, 2016, the Facility was struck by a massive hail storm.

4.04 On or about May 12, 2016, Plaintiff reported the loss to the Defendant and made a claim under the Policy. Plaintiff has supported its claim with an estimate from Global Roofing Company presently in the amount of $513,706.73.

4.05 On or about December 6, 2016, almost seven (7) full months after receiving the claim, Defendant finally sent a letter to Plaintiff giving notice that it

was denying Plaintiff's roof claim. In the interim period, Defendant never sought an extension of time to make a coverage determination.

4.06 The purported basis for Defendant's denial of the roof claim is its contention that "none of the hail impacts affected the function of the roof."

4.07 It should be noted that the Facility is a commercial self-storage enterprise wherein storage units are leased to the public as a safe location for them to store valuables. Plaintiff has been notified by at least one customer that their property had allegedly been ruined as the result of the leaking roof. In addition to the damages caused by the failure to pay the roof claim, Plaintiff has suffered and continues to suffer damages incidental to the damage to the roof, including to not limited to harm to its business.

4.08 Being unsatisfied with the unfounded denial of the roof claim, Plaintiff caused a professional engineer metallurgist (Stolk Labs) to inspect the roof to determine scientifically whether the metal roof in question had been damaged by the hail storm.

4.09 On or near January 13, 2017, Stolk Labs performed a scientific analysis and drafted a report setting forth in great detail that as the result of the April 11, 2016 hailstorm, the roof had been significantly damaged and had "'lost' at least half of its protective coating thickness due to corrosion" and that the corrosion "will continue in

the future and, therefore, the [roof] panels should be replaced before imminent deep steel corrosion and perforation" occurs.

4.10 Defendant has never reported performing any scientific analysis of the roof, other than a bare visual inspection by consultants hired and presumably paid for by Defendant.

4.11 On January 20, 2017, the undersigned counsel drafted a demand letter to Defendant, enclosing the Stolk Labs report, urging Defendant to reconsider its wrongful denial of coverage, and advising of the imminent filing of this suit if resolution could not be made.

4.12 Despite this and other multiple demands, both orally and in writing, Defendant has failed and refused to pay for the repair of the roof as is required by the Policy.

4.13 Plaintiff has been forced to hire the law firm of Saunders Walsh & Beard to pursue this claim on its behalf solely as the result of Defendant's wrongful denial of the claim.

## V.
## BREACH OF INSURANCE CONTRACT

5.01 Plaintiff incorporates by reference all of the factual and legal allegations set forth above in support of its claim.

5.02 Plaintiff would show that it entered into a contract of insurance with Defendant ("Policy").

5.03  Plaintiff would show that it has at all times performed its obligations under the Policy.

5.04  Pursuant to the Policy, Defendant has a contractual obligation pay claims (less applicable deductible) arising out of a covered loss.

5.05  Plaintiff timely presented to Defendant its proper claim for a covered loss caused by hail damage to the Facility.

5.06  Defendant materially breached its obligations under the Policy by denying and otherwise failing to timely pay Plaintiff for a covered loss. Said failure constitutes a material breach of the Policy.

5.07  As the result of this material breach of the Policy by Defendant, Plaintiff has suffered damages, including actual, incidental, consequential, and special, within the jurisdictional limits of this honorable Court, for which it seeks judgment.

5.08  As the result of this material breach of the Policy by Defendant, Plaintiff has been required to retain the services of the undersigned attorneys, for which Plaintiff seeks recovery of all reasonable and necessary attorneys' fees and costs of court incurred by said attorneys.

5.09  Additionally, Defendant failed and refused without legal excuse for almost seven (7) months to properly notify Plaintiff in writing that it was approving or denying the claim related to the damaged roofs of the Facility.

5.10 Defendant has never reported to Plaintiff that it has undertaken a full investigation of the metal roof in question to determine whether damage to the metal roof even existed. While Plaintiff has caused a metallurgist to inspect and determine whether such damage to the roof existed, Defendant has never reported having done so – instead, all evidence at this time is that the sole inspections of the roof done by Defendant were simple visual inspections which were insufficient to examine whether the roof had in fact been damaged.

5.09 Plaintiff has made demands, both written and oral, upon Defendant more than thirty (30) days prior to the filing of this petition. Defendant has failed to comply or even respond to these demands.

## VI.
## UNFAIR CLAIM SETTLEMENT PRACTICES

6.01 Plaintiff incorporates by reference all of the factual and legal allegations set forth above in support of its claim.

6.02 After having received notice of Plaintiff's losses clearly covered by the Policy, Defendant engaged in several unfair settlement practices, as enumerated and defined as unfair or deceptive in Section 541.060(a) of the Texas Insurance Code and Section 17.46(b) of the Texas Business and Commerce Code, including but not limited to the following:

a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim once the Defendant's liability became reasonably clear;

b. Failing to provide promptly a reasonable explanation of the Defendant's basis for its denial of the Plaintiff's claim;

c. Refusing to pay the claim without first conducting a reasonable investigation of the matter; and

d. Failing to affirm or deny coverage within a reasonable time.

6.03 Plaintiff will show that these acts and omissions on the Defendant's part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, Plaintiff requests that the trier of fact award the Plaintiff up to three times the sum of actual damages suffered.

## VII.
## VIOLATION OF TEX. INS. CO. CHAPTER 542 – LATE PAYMENT OF CLAIMS

7.01 Plaintiff incorporates by reference all of the factual and legal allegations set forth above in support of its claim.

7.02 Plaintiff has a valid claim for loss to its roof under the Policy.

7.03 Plaintiff gave proper and timely notice of its claim to the Defendant.

7.04 Defendant is liable to Plaintiff for its claim.

7.05 Plaintiff made its claim of loss to Defendant, including damage to its roof, on or about May 12, 2016. The total amount of the loss to the Facility (excluding incidental, consequential and special damages) currently totals approximately $513,706.73.

7.06 While Defendant did make a partial tender of payment (purportedly for damages to gutters, downspouts, wall panels, and roll-type door), it failed and refused to make payment for damages related to replacement of the roofs at the Facility, which comprise the lion's share of the Plaintiff's damage.

7.07 Plaintiff has made repeated demands upon Defendant to make payment for replacement of the roofs, but Defendant has failed and refused to do so. Relevant to this cause of action, Defendant failed until December 7, 2016 – almost seven (7) months after receiving the claim and after repeated requests for payment – to ever reject the claim in writing. At no time did Defendant make a proper request for an extension of time to investigate the claim.

7.08 It was not until Defendant's letter of approximately December 7, 2016 that Defendant affirmatively stated (wrongfully) in writing that it was denying Plaintiff's claim as to the roof claim without ever performing a scientific inspection of the roof.

7.09 Defendant failed to timely notify Plaintiff in writing that it had either accepted or rejected the claim, nor did it make a proper or timely request for additional time to investigate the claim, thereby violating Chapter 542 of the Texas Insurance Code. Said failures have caused Plaintiff to suffer injury in addition to the unpaid claim for which it seeks damages from Defendant.

7.10 Plaintiff hereby seeks all damages to which it is entitled as the result of Defendant's failure to comply with the deadlines imposed by Chapter 542 of the Texas Insurance Code, including but not limited to damages caused by the delays, 18% interest on the amount due under the Policy and reasonable and necessary attorneys' fees.

## VIII.
## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

8.01 Plaintiff incorporates by reference all of the factual and legal allegations set forth above in support of its claim.

8.02 From and after the time the Plaintiff's claim was presented to the Defendant, the Defendant's liability to pay the claim in accordance with the Policy was reasonably clear. Despite there being no basis on which a reasonable insurance company would have relied to deny payment of Plaintiff's claim, the Defendant refused to accept the claim and pay the Plaintiff as required.

8.03 At that time, the Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this

regard, Plaintiff will show that Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely upon the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuge to avoid paying a valid claim.

8.04  Consequently, the Defendant breached its duty to deal fairly and in good faith with the Plaintiff. The Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff as more specifically described above.

8.05  The breach of duty by the Defendant was aggravated by the kind of gross negligence and/or malice for which the law allows for the imposition of exemplary damages. The Defendant's conduct involved an extreme degree of risk of potential harm to the Plaintiff or others and, despite the Defendant's being actually and subjectively aware of the risk involved, the Defendant proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiff and others. The Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

## IX.
## CONDITIONS PRECEDENT

All factual allegations set forth elsewhere in this Petition are incorporated herein by reference. Plaintiff would show that all conditions precedent to its right

to recover damages and attorneys' fees, as set forth herein, have occurred and/or are excused as a result of Defendant's breach of the Policy.

## X.
## ATTORNEYS' FEES

11.01 Plaintiff would show that it has been required to employ the law firm of Saunders, Walsh & Beard, licensed attorneys, to represent Plaintiff, and that pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE SECTION 38.001, et seq., TEXAS INSURANCE CODE 542.060, the Policy, and common law, Plaintiff is entitled to recover its costs and reasonable and necessary attorneys' fees, as are equitable and just.

## XI.
## INTEREST

Plaintiff would show that if it is allowed to recover under any theory pled in this suit against Defendant, Plaintiff is entitled to prejudgment interest at the highest rate allowed by law, including but not limited to the rate of 18% per annum pursuant Texas Insurance Code Section 542.060. Further, Plaintiff would show that if it is allowed to recover under any theory pled in this suit against Defendant, Plaintiff is entitled to post-judgment interest at the highest rate allowed by law, from the date of judgment until the satisfaction of same.

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Lake Lavon Storage, LLC prays that Defendant be cited to appear and answer in this cause, and that upon final hearing, Plaintiff have judgment against Defendant as follows:

    (a)    for judgment upon any of the theories, actions, or causes of action or counts plead herein against Defendant for actual damages, special damages, incidental and consequential damages, treble damages and / or exemplary damages in an amount to be determined by the trier of fact, plus interest; and for judgment against Defendant for all other relief enumerated (whether generally or specifically) in this Petition and prayer;

    (b)    for prejudgment and post-judgment interest at the highest lawful rate, including but not limited to interest under Chapter 542 of the Texas Insurance Code;

    (c)    for reasonable attorneys' fees, as determined by the trier of fact;

    (d)    for all costs of suit; and

    (e)    for such other and further relief, both general and special, at law and in equity, to which Plaintiff has shown itself to be justly entitled.

Respectfully submitted,

SAUNDERS, WALSH & BEARD

By: _____
Mark A. Walsh
State Bar No. 24003135

6850 TPC Drive, Suite 210
McKinney, Texas 75070
(214) 919-3555 (telephone)
(214) 615-9019 (facsimile)
Mark@saunderswalsh.com
ATTORNEYS FOR PLAINTIFF

Electronically Served
5 PM

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.199-00937-2017

Lake Lavon Storage, LLC. vs. Illinois Union Insurance Company

In the 199th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **Secretary of the State of Texas**
**To Be Served Upon: Illinois Union Insurance Company**
**P.O. Box 1000**
**Philadelphia, PA 19106, Defendant**

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 199th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Mark A. Walsh, Saunders Walsh & Beard, 6850 TPC Drive, Suite 210, McKinney, TX 75070 (Attorney for Plaintiff), on February 27, 2017, in this case, numbered 199-00937-2017 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 28th day of February, 2017.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

RECEIVED
SECRETARY OF STATE
MAR 03 2017
Service of Process

Signed: 2/28/2017 2:55:07 PM

By: _Erika Ruiz_, Deputy
Erika Ruiz

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.

276595